IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE ADAMS, | ) | |
| AIS #164805, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-CV-857-TMH |
| | ) | [WO] |
| | ) | |
| JUDGE L. B. SMITHHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Clarence Adams ["Adams"], a state inmate, alleges the defendants, state court officials, placed erroneous information regarding a 1989 arson conviction in his prison file which has been used by correctional officials to deny him various privileges and favorable prison programs.  Pl.'s Compl., Court Doc. No. 1 at 5. Adams seeks removal of the challenged information from his prison file.  *Id*. at 4.

The defendants filed a special report, answer, and supporting evidentiary materials addressing Adams' claim for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment.  Order of Jan. 3, 2011, Court Doc. No. 19.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of such motion and the evidentiary materials filed in

support thereof, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now "dispute" -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'   'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for

summary judgment, Adams is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."). Hence, when a plaintiff fails to set forth specific facts supported

by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (indicating that if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt

5

as to the material facts. . . .  Where the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases

where the evidence before the court, which is admissible on its face or which can be

reduced to admissible form, indicates that there is no genuine dispute of material fact and

that the party moving for summary judgment is entitled to it as a matter of law, summary

judgment is proper.  *Celotex*, 477 U.S. at 323-24 (finding that summary judgment is

appropriate where pleadings, evidentiary materials and affidavits before the court show

there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279

(finding that to establish a genuine dispute of material fact, the nonmoving party must

produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine

dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*,

906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not

mandate this court's disregard of elementary principles of production and proof in a civil

case.  In this case, Adams fails to demonstrate a requisite genuine dispute of material fact

in order to preclude summary judgment.  *Matsushita*, *supra*.

## III. DISCUSSION

Adams asserts the defendants placed erroneous information in his prison file with respect to the nature and number of arson convictions imposed upon him in 1989 by the Circuit Court of Barbour County, Alabama.  Pl.'s Compl., Court Doc. No. 1 at 5.  The defendants adamantly deny this allegation and contend the information provided to correctional officials is true and correct.  Specifically, the defendants maintain they did not provide erroneous information to correctional officials regarding the plaintiff's attempted arson conviction.  The undisputed state court records filed herein support this assertion as the plaintiff's prison file reflects one arson related conviction for first degree attempted arson - the only arson conviction imposed upon him in 1989 by the Circuit Court of Barbour County, Alabama.  Defs.' Ex. B (Tr. of R.), Court Doc. No. 18-2 at 3.  Thus, the defendants do not admit that information contained in the plaintiff's prison file is false and the record is devoid of evidence that correctional officials knowingly relied on false information in determining the plaintiff's eligibility for favorable prison programs.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.  The appellate court carefully distinguished its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons & Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. The defendants maintain and the record before the court establishes that the information provided to correctional officials regarding the plaintiff's 1989 conviction for first degree attempted arson is true and correct. It is likewise clear that correctional officials did not rely on information regarding this conviction they knew to be false when assessing the plaintiff's suitability for various prison programs. Consequently, the record in this case is undisputed that Adams' prison

8

file does not contain ***admittedly*** false information.  In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment is therefore due to be granted in favor of the defendants.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that **on or before July 29, 2011** the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of July, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE